**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| 7-ELEVEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAKSHMI MINI MART, LLC and <br> NIRAV DESAI, <br><br> Defendants. | Case No. 2:25-cv-2945 |

**COMPLAINT**

Plaintiff 7-Eleven, Inc. ("**7-Eleven**") sues Defendants Lakshmi Mini Mart, LLC ("**Lakshmi LLC**") and Nirav Desai ("**Mr. Desai**") and alleges:

**Parties, Jurisdiction and Venue**

1. 7-Eleven is a corporation organized and existing under the laws of the state of Texas with its principal place of business in Irving, Texas.

2. Mr. Desai is an individual residing in and a citizen of New Jersey.

3. Lakshmi LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Trevose, Pennsylvania.

4. Mr. Desai is Lakshmi LLC's sole member.

5. Jurisdiction in this Court is founded upon 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy is more than $75,000 in amount exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

1

**General Allegations**

**The Franchise Relationship**

7. 7-Eleven is an operator and franchisor of convenience store retail businesses.

8. 7-Eleven has developed and is owner of (i) methods and procedures – called a "system" – used in the operation of convenience store businesses; and (ii) federally registered trademarks and service marks used to identify and distinguish its products and services from its competitors.

9. Through written franchise agreements, 7-Eleven licenses the use of its marks and system to others called "franchisees."

10. On March 31, 2007, 7-Eleven, as franchisor, and Lakshmi LLC, as franchisee, entered into a Franchise Agreement, a copy of which is attached as **Exhibit "A."**

11. Lakshmi LLC's franchise was located at 2511 Lincoln Highway in Feasterville Trevose, Pennsylvania.

12. Mr. Desai, as Lakshmi LLC's sole owner, executed a Principals' Guaranty Agreement (the "**Guaranty**") guaranteeing the payment and performance of Lakshmi LLC's obligations under the Franchise Agreement. A copy of the Guaranty is appended to the Franchise Agreement.

13. Following entry into the Franchise Agreement, 7-Eleven outfitted the Store with equipment for the operation of a convenience store, such as coolers, display cases, merchandise gondolas, grills, a safe, registers, and so on (the "**7-Eleven Equipment**").

14. Lakshmi LLC leased the 7-Eleven Equipment from 7-Eleven under the Franchise Agreement and agreed to surrender the 7-Eleven Equipment to 7-Eleven upon termination of the Franchise Agreement.

15. Attendant to the Franchise Agreement, 7-Eleven established an Open Account for Lakshmi LLC, through which 7-Eleven temporarily advanced and paid on Lakshmi LLC's behalf the cost of inventory purchases and other expenses of the Store, which account was settled weekly and, in later years of the franchise relationship, monthly, through an debit to Lakshmi LLC's bank account.

16. Lakshmi LLC operated the Store under the Franchise Agreement between August 9, 2007, and April 16, 2024.

### The Promissory Note

17. On December 15, 2020, the Parties entered into an Agreement Concerning ACH Draws and Payroll Funding Expense (the "**ACH Agreement**") that addressed ACH draws and payroll funding charges that 7-Eleven did not debit from Lakshmi LLC's bank account between 2012 and 2020.

18. Attendant to the ACH Agreement, Franchisee and Guarantor executed and delivered to 7-Eleven a promissory note (the "**ACH Note**") in the original principal amount of $440,000.00.

19. Attached as **Exhibit "B"** is the ACH Agreement and attendant ACH Note.

### Expiration of the Franchise Agreement

20. The Franchise Agreement had a ten-year term from its "Effective Date," defined as the day Lakshmi LLC began operating the Store under the Franchise Agreement.

21. The original term of the Franchise Agreement was, by amendment dated May 2017, extended by five years through August 9, 2022.

22. After August 9, 2022, and notwithstanding the expiration, the parties continued to operate and conduct business with one another under the Franchise Agreement.

23. In March 2024, Lakshmi LLC advised 7-Eleven that it had contracted to sell the Store to a third party.

24. On or around March 25, 2024, Lakshmi LLC and 7-Eleven agreed that the Franchise Agreement would terminate on April 16, 2024.

25. Subsequent to March 25, 2024 and in advance of the April 16, 2024 termination, 7-Eleven met with Lakshmi LLC's principal, Mr. Desai, to reiterate the parties' obligations upon termination, including that the Store must be de-branded, (the removal of service marks, trade dress, and other identifying insignia), that the 7-Eleven Equipment would be removed from the Store, and the ACH Note accelerated.

26. On the April 16, 2024, termination date, 7-Eleven issued a letter to Lakshmi LLC confirming the termination and advising of the post-termination obligations under the Franchise Agreement, including removal of the 7-Eleven Equipment.

## Conversion of the 7-Eleven Equipment

27. On the April 16, 2024 termination date, 7-Eleven came to the Store with personnel and trucks for the removal of the 7-Eleven Equipment, but Mr. Desai and Lakshmi LLC refused to allow 7-Eleven to do so.

28. When 7-Eleven personnel attempted to remove the 7-Eleven Equipment from the Store, they were physically blocked and pushed away by Mr. Desai and Lakshmi LLC or their agents and other persons acting at their direction.

29. Mr. Desai and Lakshmi LLC did ultimately permit the removal of <u>some</u> equipment they deemed to be broken or undesired, including a Slurpee® machine, iced coffee dispenser, and a soda fountain along with 7-Eleven's proprietary equipment, including registers, digital video recorder, and back-office computer.

30. 7-Eleven is reliably informed that the 7-Eleven Equipment that Mr. Desai and Lakshmi LLC refused to surrender and turn over on April 16, 2024 had been sold to a new operator of the Store location by Lakshmi LLC and Mr. Desai even though they did not own that equipment and had no right permission from its owner – 7-Eleven – to do so.

31. Attached as **Exhibit "C"** is an itemization of the 7-Eleven Equipment that Lakshmi LLC refused to allow 7-Eleven to remove from the Store.

### Settlement of the Open Account

32. Following April 16, 2024 termination of the Franchise Agreement, 7-Eleven performed the close out accounting processes contemplated under the Franchise Agreement.

33. 7-Eleven's close out accounting processes include, if applicable, the acceleration and inclusion of the balance owing under any promissory notes between 7-Eleven and the franchisee in arriving at a total balance owing by the franchisee in what is termed a "Final Settlement Statement."

34. Attendant to its close out accounting, 7-Eleven also applied and thereby reduced the amount owing from Lakshmi LLC by a security deposit that had been made at the inception of the parties' relationship.

35. 7-Eleven has tendered the Final Settlement Statement to Lakshmi LLC and Mr. Desai showing a balance due of **$226,819.38** but no payment by them has occurred. A copy of the Final Settlement Statement is attached as **Exhibit "D."**

36. All conditions precedent to bringing this suit have occurred, have been satisfied, or have been waived.

### COUNT I: BREACH OF CONTRACT
### Against Lakshmi Mini Mart, LLC

37. 7-Eleven realleges paragraphs 1 through 36 above.

38. Lakshmi LLC breached the Franchise Agreement by refusing to surrender and otherwise preventing 7-Eleven and its representatives from removing from the Store the 7-Eleven Equipment identified in Exhibit "C" to this Complaint.

39. Lakshmi LLC also breached the Franchise Agreement by failing to pay the amount owing as shown on the Final Settlement Statement.

40. Lakshmi LLC's breaches of the Franchise Agreement have damaged 7-Eleven.

WHEREFORE, 7-Eleven, Inc. demands judgment in its favor and against Defendants Lakshmi Mini Mart, LLC and Nirav Desai for damages, interest, and costs.

### COUNT II: BREACH OF PROMISSORY NOTE
### Against Nirav Desai and Lakshmi Mini Mart, LLC

41. 7-Eleven realleges paragraphs 1 through 36 above.

42. 7-Eleven owns and holds the ACH Note.

43. The ACH Note is matured, accelerated, and due and payable.

44. Mr. Desai and Lakshmi LLC, who are the ACH's Note's makers, have violated and breached the ACH Note by failing to pay the balance of the ACH Note.

WHEREFORE, 7-Eleven, Inc. demands judgment in its favor and against Defendants Lakshmi Mini Mart, LLC and Nirav Desai for damages, interest, and costs.

### COUNT III: BREACH OF GUARANTY
### Against Nirav Desai

45. 7-Eleven realleges paragraphs 1 through 36, 38 through 40, and 42 through 44 above.

46. Mr. Desai breached the Guaranty by failing to honor his obligation to promptly and faithfully perform all obligations of Lakshmi LLC to 7-Eleven.

47. As a direct and proximate result of Mr. Desai's breach of the Guaranty, 7-Eleven has been damaged.

WHEREFORE, 7-Eleven, Inc. demands judgment in its favor and against Defendant Nirav Desai for damages, interest, costs, and attorneys' fees.

### COUNT IV: CONVERSION
### Against Nirav Desai and Lakshmi Mini Mart, LLC

48. 7-Eleven realleges paragraphs 1 through 35 above.

49. 7-Eleven is the owner of the 7-Eleven Equipment identified in Exhibit "C" (the "Converted Equipment") attached hereto.

50. Lakshi LLC and Mr. Desai improperly asserted dominion and control over the Converted Equipment notwithstanding their obligation to surrender the Converted Equipment to 7-Eleven on April 16, 2024, and 7-Eleven's demands for compliance.

51. Lakshi LLC and Mr. Desai assertion of dominion and control have included, among other things, purporting to sell the Converted Equipment to a third party and directing persons acting at their direction and control to deprive 7-Eleven of the Converted Equipment by physical obstruction and force, which included pushing and shoving one or more of 7-Eleven's employees.

52. Lakshi LLC and Mr. Desai's assertion of dominion and control over the Converted Equipment commenced not later than April 16, 2024, has continued to the present day, and is permanent in nature.

53. 7-Eleven has been damaged by Lakshmi Mini Mart, LLC and Nirav Desai's conversion of the Converted Equipment.

WHEREFORE, 7-Eleven demands judgment in its favor and against Defendants Lakshmi Mini Mart, LLC and Nirav Desai for damages, including the value of the Converted Equipment, interest, and costs.

| | |
|---|---|
| Dated: June 9, 2025 | **7-ELEVEN, INC.** |
| | By its attorneys, |
| | */s/Dennis R. Callahan* |

Dennis R. Callahan (58911)
dennis.callahan@fmglaw.com
FREEMAN, MATHIS & GARY LLP
1835 Market Street, Suite 650
Philadelphia, PA 19103
Tel. 215-836-1881

*-and-*

Christian C. Burden (*pro hac vice pending*)
chris.burden@quarles.com
QUARLES & BRADY LLP
101 E. Kennedy Blvd., Suite 3400
Tampa, Florida 33602
Tel. 813-387-0300