IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **7-Eleven, Inc.**, <br> *Plaintiff,* <br><br> v. <br><br> **Lakshmi Mini Mart LLC and Nirav A. Desai,** <br> *Defendants.* | **CIVIL ACTION** <br> **NO. 25-2945** |

**Baylson, J.**                                                                                                                                               **October 17, 2025**

**MEMORANDUM RE: MOTION TO SET ASIDE DEFAULT JUDGMENT**

Presently before the Court is Defendant's Motion to Set Aside Default. For the following reasons, Defendant's Motion is **GRANTED**.

I.   **Factual Background**

Plaintiff 7-Eleven Inc. ("Plaintiff"), a Texas corporation, brings this action against Defendant Lakshmi Mini Mart, LLC ("Lakshmi LLC"), a limited liability company headquartered in Pennsylvania, and Defendant Nirav Desai ("Desai"), and individual who resides in Princeton, New Jersey.  ECF 1 ("Compl.") at 1.  Plaintiff alleges the following facts. Mr. Desai is the sole owner of Lakshmi LLC.  Id. ¶ 12.  Plaintiff is an operator and franchisor of convenience store retail businesses.  Id. ¶ 7.  On March 31, 2007, Plaintiff entered into a Franchise Agreement (ECF 1, Exh. A) with Lakshmi LLC as the franchisee.  Id. ¶ 10.  The franchise was located in Feasterville-Travose, Pennsylvania.  Id. ¶ 11.  Mr. Desai guaranteed the payment and performance of Lakshmi LLC's obligations under the Franchise Agreement.  Id. ¶ 12.  Lakshmi LLC operated the store under the Franchise Agreement from August 9, 2007, to April 16, 2024.  Id. ¶ 16.

In March of 2024, Lakshmi LLC informed Plaintiff it planned to sell its store to a third party.  Id. ¶ 23.  The parties agreed to terminate the Franchise Agreement on April 16, 2024.  Id.

1

¶ 24.  Plaintiff reminded Lakshmi LCC, by letter, and Mr. Desai, in person, of the parties' obligations upon termination, including to remove Plaintiff's branding, return Plaintiff's Equipment, and satisfy a promissory note, which would be accelerated upon termination.  Id. ¶¶ 18, 25-26.  However, Plaintiff alleges Defendants did not satisfy their obligations.  On the date of termination, Mr. Desai allegedly refused to allow Plaintiff to remove a portion of its Equipment from his store.  Id. ¶ 27.  Instead, he sold it to a new operator of the store location.  Id. ¶ 30.  Plaintiff alleges Defendants owe an outstanding debt of $226,819.38 on the promissory note.  Id. ¶ 35.

Based on these allegations, Plaintiff brings a claim of breach of contract against Lakshmi LLC (Count I), a claim of breach of guaranty against Mr. Desai (Count III), and claims of breach of promissory note (Count II) and conversion (Count IV) against both Defendants.  Id. ¶¶ 37-53.

## II.    Procedural Background

Plaintiff filed this suit on June 9, 2025.  Id.  Mr. Desai, who is not a lawyer, filed an answer on behalf of himself and Lakshmi LLC.  See Answer, ECF 7.  The Court struck Mr. Desai's Answer as to Lakshmi LLC, only, because a corporate entity such as a limited liability company may not appear in federal court pro se and may only appear through a licensed attorney.  ECF 8.  The Court ordered Lakshmi LLC to secure counsel within 21 days.  Id.  Mr. Desai sought a two-week extension of time, which the Court granted.  ECF 13.  Mr. Desai filed a letter on the date of the new deadline, advising the Court that he was unable to retain counsel for Lakshmi LLC, due to financial hardship, but that he intended to continue representing himself pro se.  ECF 14.  Upon receipt of the letter, Plaintiff moved for entry of default against Lakshmi LLC, only.  ECF 16.  The Clerk entered default against Lakshmi LLC on August 29, 2025.  ECF 18.  Later that day, Mr. Desai filed a Motion to Set Aside Default (the "Motion") requesting "an

opportunity to defend this case on the merits." Mot. at 2, ECF 19. Plaintiff filed an opposition. ECF 20.

### III. Legal Standard

"The time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move, pursuant to Rule 55(c), to vacate the default." United States v. Mulvenna, 367 F. App'x 348, 350 (3d Cir. 2010) (internal citation omitted). The criteria for determining whether to set aside a default judgment or an entry of default are the same, but are applied more liberally to an entry of default. See Duncan v. Speach, 162 F.R.D. 43, 44 (E.D.Pa.1995); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment.").

Generally, courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits. Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). The Court may set aside the entry of default for "good cause shown." Fed. R. Civ. P. 55(c). In determining whether there is good cause to strike an entry of default, courts consider whether the plaintiff will be prejudiced, whether default was the result of the defendant's culpable conduct, whether the defendant has a meritorious defense, and the effectiveness of an alternative sanction. Emcasco Insurance Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194–95 (3d Cir.1984); Dizzley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 147 (E.D.Pa.2001).

## IV. Discussion

### a. Prejudice to Plaintiff

Lifting the entry of default would not prejudice Plaintiff. "The question of prejudice, when determining whether to vacate a default, concerns the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default." Clauso v. Glover, 2010 WL 3169597, at *1 (D.N.J. Aug. 11, 2010) (citing Feliciano, 691 F.2d at 657). At this early stage in the proceedings, there is no indication that there has been any loss of available evidence or increased potential for collusion or fraud, or that Plaintiffs substantially relied upon the default.

### b. Merits of Defense

Mr. Desai argues meritorious defenses exist because the amounts owed under the promissory note and for the Equipment are "inflated" and "include coerced or expired agreements." ECF 19 at 1. He also asserts the Complaint "do[es] not account for depreciation or inventory handling issues." Id. "To show a litigable defense, a defendant must allege facts which, if established, would enable Defendant to prevail in the action." Caputo v. City of Philadelphia, No. CIV.A. 14–6089, 2015 WL 1033839, at *2 (E.D. Pa. Mar. 6, 2015) (Kearney, J.) (quotation omitted). The Third Circuit directs defaulted parties to satisfy a more stringent standard than merely alleging a defense. In re Subramanian, 245 F. App'x 111, 115 (3d Cir. 2007) (citations omitted). The defendant must "set forth with some specificity the grounds for [its] defense," and then the court must "evaluate that defense to determine whether it is meritorious." Id. A defense is considered meritorious when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." $55,518.05 in U.S.

Currency, 728 F.2d at 195 (quoting Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 244 (3d Cir. 1951)).

The Court finds Mr. Desai has not established a meritorious defense. Plaintiff has alleged claims of breach of contract (Count I), breach of promissory note (Count II) and conversion (Count IV) against Lakshmi LLC. Compl. ¶¶ 37-53. Mr. Desai does not allege specific facts to support his assertions that the amounts owed under the Franchise Agreement are inflated. He also does not explain how any of his defense arguments apply to each claim against Lakshmi LLC. Mr. Desai's defense is that he "disputes the amounts claimed," and "contend[s] that the amounts demanded are inflated" and they are based on agreements that were "expired or coerced." ECF 19 at 1. Mr. Desai's representations are "best characterized as general denials" which cannot sustain a finding that the facts presented would support a complete defense against breach of contract, breach of promissory note, or conversion claims, if proven. Yellow Book Sales & Distribution Co. v. White, No. CIV.A. 10-3062, 2011 WL 830520, at *3 (E.D. Pa. Mar. 10, 2011).

    c. **Culpable Conduct**

Mr. Desai argues his conduct is not culpable because Lakshmi LLC cannot afford counsel and because Mr. Desai believed his prior filings would preserve Lakshmi's defenses. ECF 19 at 1. This Court previously informed Mr. Desai that a corporate identity may not appear in federal court without a licensed attorney and that failure to appear through counsel "may result in the entry of default against Mini Mart." ECF 8. Mr. Desai wrote to the Court on July 31, 2025, seeking a two-week extension to find counsel and emphasizing that his delay in doing so was "not due to a lack of effort or unwillingness to comply." ECF 11. Mr. Desai again wrote to the Court on August 25, 2025, stating he was unable to retain counsel due to financial hardship, "so

5

the Court understands that I am not ignoring its order, but I am simply unable to comply." ECF 14. In his Motion, Mr. Desai asserted that Lakshmi LLC's "failure to properly appear through counsel was not intentional or in bad faith, but the result of misunderstanding and logistical difficulties." ECF 19 at 1.

The "standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding party." Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984); see also Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123–24 (3d Cir. 1983) (culpable conduct means "actions taken willfully or in bad faith"). "Appropriate application of the culpable conduct standard requires ... more than mere negligence." Estate of Hernandez v. Kretz, No. 12-3152, 2015 WL 4392366, at *3 (D.N.J. July 15, 2015) (quoting Hritz, 732 F.2d at 1183). "Reckless disregard for repeated communications from plaintiffs and the court ... can satisfy the culpable conduct standard." Hritz, 732 F.2d at 1183.

This case does not present a straightforward question of culpability. On one hand, Mr. Desai received an express warning that failure to secure counsel may result in default. Nevertheless, his communications to the Court do not reflect an ability to secure counsel for Lakshmi LLC moving forward. On the other hand, Mr. Desai did attempt to secure counsel and diligently kept the Court informed of his efforts to comply with the Court's instructions. He did not blatantly ignore communications or attempt to game the system for his benefit. Additionally, because Mr. Desai is not a lawyer, it is plausible that he did not understand the consequences of an entry of default and his calculation that he could not afford to hire counsel was informed by a misunderstanding about the effect of default.

The Court finds Mr. Desai has not recklessly disregarded communications in this case, nor is there evidence that his failure to secure counsel for Lakshmi LLC was in bad faith. The

failure of Lakshmi LLC to respond through counsel is akin to a negligence, stemming from Mr. Desai's excusable neglect of researching and understanding the impact of default while he was focused on finding counsel. He did not recklessly disregard the Court's Order. Accordingly, Lakshmi LLC's failure to respond is not the result of culpable conduct by the defendant.

Because Mr. Desai is not a lawyer and appears to have misunderstood the gravity of default, the Court finds good cause to set aside default and allow Mr. Desai an additional 30 days to secure counsel.[1] Even considering Mr. Desai's lackluster showing of meritorious defenses, the Court is persuaded that vacating the entry of default is appropriate in view of the absence of prejudice to Plaintiff and bad faith conduct, coupled with the Third Circuit's preference for disposition on the merits. See Hritz, 732 F.2d at 1188 (Garth, J., concurring) ("[T]his court's overriding preference is the disposition of litigated matters on the merits rather than by default—and to this extent we encourage liberality in vacating default judgments[...]."); Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) ("A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the district court.").

    d. **Alternative Sanctions**

"To deter similar behavior in the future, the Court must examine whether alternative sanctions are warranted." Caputo, 2015 WL 1033839, at *3. When a defaulting party "has responded quickly to an entry of default, however, courts in this district have been willing to set aside the entry of default without imposing punitive sanctions on that party." Allstate Ins. Co. v. Ervin, No. CIV.A.05-02800, 2006 WL 557715, at *3 (E.D. Pa. Mar. 2, 2006) (Stengel, J.) (citation omitted).

---

[1] Mr. Desai's lack of legal knowledge is also a likely explanation for the shortcomings in his meritorious defense showing.

Here, Mr. Desai responded to the entry of default on the same day it was entered. The entry of default itself appears to have been a sufficient "wake-up call" about the gravity of continuing without counsel such that further sanctions would not be necessary. Foy v. Dicks, 146 F.R.D. 113, 118 (E.D.Pa.1993).

Mr. Desai is advised that the failure to secure counsel means that Lakshmi LLC has **not** responded to the claims against it, and therefore he has not preserved defenses as to Lakshmi LLC. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–03 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel") (collecting cases). In effect, Lakshmi LLC has not yet appeared in this case. If Lakshmi LLC does not respond to the claims against it after default has been set aside, the Clerk may enter default again and Plaintiff may seek a default judgment. In that event, Federal Rule of Civil Procedure 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant who fails to appear. In determining whether to enter a default judgment, courts must consider a series of factors. See e.g., N. Am. Produce Co. v. BLJR Distribution, LLC, No. 2:25-CV-00672-JDW, 2025 WL 2778095, at *2 (E.D. Pa. Sept. 26, 2025) (explaining the relevant considerations).

V.   **Conclusion**

For the reasons described above, the Court finds good cause to set aside the entry of default. While no sanctions will be administered at this time, Mr. Desai is on notice about the expectations and consequences associated with federal court proceedings. The Court will grant an additional thirty (30) days for Lakshmi LLC to secure counsel and appear in this matter. This

8


will be the last extension or delay in this case. Mr. Desai will just have to work harder to find a lawyer.[2] An appropriate Order follows.

\\adu.dcn\paed\phl-data\judge_baylson\civil 25\25-2945 7-eleven, inc. v. lakshmi mini mart, llc et al\25cv2945 memo re grant set aside entry of default.docx

---

[2] Mr. Desai may wish to consult the Philadelphia Bar Association Lawyer Referral & Information Service located at 1101 Market Street, 10th Floor, Philadelphia, PA and available online at https://philadelphiabar.org/?pg=LawyerReferralHome. There is also a directory of public interest legal organizations available at the following web address: https://philadelphiabar.org/?&diraction=SearchResults&fs_match=s&pg=PIDirectory&seed=149366.