IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **7-ELEVEN, INC.**<br>*Plaintiff*,<br><br>        **v.**<br><br>**LAKSHMI MINI MART, LLC and**<br>**NIRAV DESAI**<br>*Defendants*. | <br><br><br><br>**CIVIL ACTION NO. 2:25-cv-2945** |

**MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT [ECF 41]**

BAYLSON, J.                                                                    June 26, 2026

## I.    INTRODUCTION

Plaintiff 7-Eleven ("Plaintiff") alleges that Defendants Lakshmi Mini Mart and Nirav Desai ("Defendants") violated the franchise agreement between the parties. Complaint ¶¶ 7–53 ("Compl.," ECF 1). Specifically, Plaintiff asserts that Defendants violated the agreement through (1) breach of contract, (2) breach of promissory note, (3) breach of guaranty, and (4) conversion. Before the Court is Plaintiff's Motion for Summary Judgement and Memorandum of Law ("Mot.," ECF 41), Defendants' Brief in Opposition to Plaintiff's Motion ("Opp'n," ECF 47), and Plaintiff's Reply ("Rep.," ECF 49). For the following reasons, the Motion will be **GRANTED** in part and **DENIED** in part.

## II.    FACTUAL BACKGROUND

Plaintiff is an operator and franchisor of convenience stores. Plaintiff's Statement of Facts ("PSOF," ECF 41) ¶ 1. On March 31, 2007, Defendant Nirav Desai ("Desai") entered into a franchise agreement (the "Franchise Agreement") with Plaintiff for the operation of a 7-Eleven convenience store through Desai's corporation, Lakshmi Mini Mart LLC ("Lakshmi"). Id. ¶¶ 2–4. Plaintiff is a Texas corporation. Id. ¶ 1. Defendant Lakshmi is a limited liability company

1

headquartered in Pennsylvania, and Defendant Desai resides in New Jersey.  Id. ¶¶ 2–3.  The franchise was located in Feasterville-Travose, Pennsylvania.  Id. ¶ 2.  Mr. Desai guaranteed the payment and performance of Lakshmi's obligations under the Franchise Agreement.  Id. ¶ 5.

As part of the Franchise Agreement, Plaintiff installed certain equipment which was leased to Lakshmi at the Defendants' store.  Id. ¶ 12.  The Franchise Agreement states that "any new or additional 7-Eleven Equipment will be added to the list of 7-Eleven Equipment on Exhibit B or [Plaintiff] agree[s] to otherwise provide [Defendants] with electronic or written notice of such changes to the 7-Eleven Equipment."  Opp'n Ex. A at 2.  Exhibit B attached to the Franchise Agreement states that the list is accurate "based on the information" the parties had on the date of the Agreement.  Id. Ex. B.  In addition, Exhibit B details that Plaintiff's "master list of 7-Eleven Equipment that [Plaintiff] maintain[s] in [its] records controls."  Id.  Exhibit B was left blank as the agreement was signed before any equipment was installed at the store.  PSOF ¶ 92.

The Franchise Agreement specified that Plaintiff would provide financing to Lakshmi through an "Open Account" line of credit.  Id. ¶ 14.  On December 15, 2020, all parties entered into an agreement (the "ACH Agreement") to settle a financial dispute.  Id. ¶¶ 18–21.  As part of the ACH Agreement, Defendants executed and delivered to Plaintiff a promissory note in the original principal amount of $440,000, toward which Defendants made regular payments for several years until the termination of the Franchise Agreement.  Id. ¶¶ 22–23.

Lakshmi operated the store under the Franchise Agreement from August 9, 2007, to April 16, 2024.  Id. ¶¶ 8, 23.  In March of 2024, Defendants informed Plaintiff that they planned to sell the store to a third party.  Id. ¶ 29.  Defendants did not return Plaintiff's equipment before or after selling the store to the third party.  Id. ¶¶ 40, 42.  The parties agreed that the Franchise Agreement would terminate on April 16, 2024.  Id. ¶ 30.  Prior to the termination of the

Franchise Agreement, Plaintiff reminded Defendants of their obligations upon termination, including removing Plaintiff's branding, returning Plaintiff's equipment, and satisfying the ACH Agreement promissory note, which would be accelerated upon termination.  Id. ¶¶ 31–32.

On April 16, 2024, the day of the Franchise Agreement's termination, Plaintiff dispatched personnel to remove the equipment leased by Plaintiff to Defendants from the store. Id. ¶ 35.  When Plaintiff's personnel attempted to remove equipment from the store, individuals in the store physically blocked them from doing so.  Id. ¶ 37.  Some of the equipment at the store bore asset tags for identification by 7-Eleven.  Id. ¶ 41.

At the time of the Franchise Agreement's termination, Defendants' final Open Account balance, accounting for the ACH Agreement promissory note and Lakshmi's security deposit provided to Plaintiff, stood at $226,819.38 owed to Plaintiff.  Id. ¶¶ 71–75.  On February 10, 2025, Plaintiff sent a letter to Defendants demanding that they pay the Open Account balance as well as $68,643.66 for the equipment Plaintiff was unable to retrieve from the store.  Id. ¶ 78. Defendants have not paid any portion of the sum demanded by Plaintiff.  Id. ¶ 79.

## III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett,

3

477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325. After the moving party has met its initial burden, the adverse party's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed."  Fed. R. Civ. P. 56(c)(1).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

## IV.    DISCUSSION

Based on the allegations stated above, Plaintiff brings claims against Defendants for (1) breach of contract, (2) breach of promissory note, (3) breach of guaranty, and (4) conversion. Mot. at 3.  Plaintiff seeks money damages in the sum of $295,463.04, attorneys' fees, and pre-judgment interest.  Id. at 23.  Plaintiff moved for summary judgment on all four counts.  Id. Although Defendants state that "the Motion should be denied in its entirety," they claim only that Plaintiff has failed to establish an absence of a genuine issue of material fact as to Plaintiff's claim for $68,643.66 in damages for the allegedly converted equipment.  Opp'n at 3.

### A.      Breach of Franchise Agreement Claim

In Count I, Plaintiff brings a claim for breach of contract against Defendant Lakshmi. Mot. at 4.  In Pennsylvania, a Plaintiff alleging breach of contract must establish three elements: (1) the existence of a contract that includes its essential terms, (2) a breach of that contract, and

4

(3) damages resulting from that breach.  <u>Silva v. Rite Aid Corp.</u>, 416 F. Supp. 3d 394, 401 (M.D. Pa. 2019).

There is no dispute over the existence of the Franchise Agreement contract nor is there a dispute over whether the contract contains the essential terms of the agreement.  PSOF ¶ 2; Defendants' Statement of Facts ("DSOF," ECF 47)  ¶ 2.  Next, Plaintiff claims that Defendant Lakshmi breached the contract by failing both to return Plaintiff's equipment and to pay the outstanding Open Account balance upon termination of the Franchise Agreement.  Mot. at 4. Lastly, Plaintiff claims that damages resulted from the breach in the amount of $295,463.04.  <u>Id.</u> at 10.

**1.**      **The undisputed facts show Defendant Lakshmi breached the Franchise Agreement**

**a.  Failure to surrender Plaintiff's equipment upon expiration of lease**

Section 9 of the Franchise Agreement requires Lakshmi to immediately surrender the 7-Eleven Equipment upon termination of the Agreement.  PSOF ¶ 33; DSOF ¶ 33.  Defendants admit that "equipment was provided to [Defendants'] store" by Plaintiff.  Opp'n at 2.  However, Defendants argue that genuine issues of material fact remain as to "what the equipment actually was, when it arrived, what condition it was in when delivered, whether it was new or used, whether it later left the store, and how Plaintiff populated the list of equipment for which it now seeks damages."  Opp'n at 2.

In responding to a party's motion for summary judgment, the non-moving party "must not rely on mere allegations or denials and should set out specific facts showing a genuine issue for trial that is supported by evidence."  <u>Downton v. Rhone</u>, No. 3:CV-08-1646, 2010 WL 11537737, at *2 (M.D. Pa. Feb. 24, 2010), <u>aff'd sub nom.</u> <u>Downton v. Phone</u>, 441 F. App'x 91

(3d Cir. 2011) (citing Fed. R. Civ. P. 56(e)(2); Local R. Civ. P. 56.1). Although Defendants assert that genuine issues of material fact exist regarding the identity of the equipment leased to them by Plaintiff, they do not provide any material facts that would establish a genuine dispute related to the issues they list.

For example, Defendants do not explain why the Court should conclude that any issues of material fact exist regarding "what the equipment actually was." Opp'n at 2. Plaintiff attached an equipment list to their motion, and Defendants did not bring forth any facts contradicting that list. Mot. Ex. 2. A. Indeed, Defendants do not claim, let alone supply any facts to support such a claim, that Plaintiff's list of equipment is inaccurate. Defendants only argue that "Plaintiff has not shown that its internal valuation spreadsheet accurately corresponds to the actual equipment at issue." Opp'n at 8. Defendants cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to overcome a motion for summary judgment. Fireman's Ins. Co. of Newark, N. J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).

Similarly, Defendants direct the Court's attention to Exhibit B attached to the Franchise Agreement to indicate that the identity of the equipment is unclear. Opp'n at 7–8. Exhibit B, as Defendants emphasize, was left blank. Id. Above the blank list of equipment, however, Exhibit B states that Plaintiff's "master list of 7-Eleven Equipment . . . controls." Id. Ex. B. Therefore, even if Defendants had provided material facts to contradict the list of equipment provided by Plaintiff, the contract makes clear that Plaintiff's list supersedes all other documents. The fact that Exhibit B was left blank and that no "electronic or written notice" about the equipment was provided to Defendants does not amount to a statement of fact contradicting Plaintiff's claim that their list controls pursuant to the Franchise Agreement. Id. at 6.

If a defendant cannot adduce evidence to substantiate their claim that disputed material facts exist, they "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Here, Defendants do not invoke Rule 56(c)(2). Instead, Defendants assert that Plaintiff's "omission" of "electronic notices, delivery logs, exchange logs, and transfer log" is "fundamental," but do not explain why these omissions indicate that the list is inaccurate. Opp'n at 6–7. Defendants' claims regarding the insufficiency of Plaintiff's evidence are not facts, and "conclusory allegations" do not suffice to "dispute a material fact." Rhone, 2010 WL 11537737, at *2. Defendants argue that there remain open questions regarding the list of equipment such as "who created [the] list, when it was created, what records were used to prepare it," and so on. Opp'n at 8. These are questions that could have been raised during discovery. Defendants' choice not to ask these questions during discovery does not furnish them with the means to avoid liability at the summary judgment stage.

To meet its burden on a motion for summary judgment, Plaintiff must "show the absence of a genuine issue concerning any material fact." Celotex, 477 U.S. at 325 (internal quotations omitted). By providing a list of equipment installed in the store that was not returned to Plaintiff upon the expiration of the lease, Plaintiff has met its requisite burden both for summary judgement and for the breach of element in their breach of contract claim. Mot. Ex. 2. A. Conversely, Defendants have not produced "further material that might call into question the truth of" Plaintiff's equipment list and Defendants' breach of contract by failing to return the equipment upon the termination of the Franchise Agreement. Dufresne, 676 F.2d at 969. "Once the moving party has supplied sufficient affidavits in support of its motion, the opposing party must respond by supplementing the record in some manner-whether by its own affidavits or

otherwise-setting forth specific facts demonstrating that there is a genuinely disputed factual issue for trial." Id. Defendant Lakshmi has neither supplied evidence or affidavits contradicting the accuracy of Plaintiff's list nor explained its "inability to present such affidavits." Id. at n.5. Thus, Plaintiff has proven the element of breach as to the equipment.

### b.  Failure to pay outstanding Open Account balance

Plaintiff claims that Defendant Lakshmi breached the Franchise Agreement contract by refusing to pay the Open Account balance despite Lakshmi's contractual obligation to do so upon termination of the agreement. Mot. at 6. Because "Defendants do not dispute the Open Account amount," Plaintiff has proven the element of breach as to the Open Account balance. DSOF ¶ 116.

### 2.    The undisputed facts establish damages resulting from the breaches.[1]

### a.  Value of equipment

Plaintiff claims it has incurred $68,643.66 in damages resulting from Defendant Lakshmi's failure to return the equipment. Mot. at 10. Plaintiff has explained the methods it employed for evaluation of the equipment and has attached a depreciation schedule for calculating the value of the equipment to its Motion. PSOF ¶¶ 54–57; Mot. Ex. 2. B; Mot. Ex. 3 ¶¶ 4–8. Defendants respond that "[e]ven if some equipment was provided to the store", there are genuine issues of material fact as to whether the depreciation table provided by Plaintiff "accurately corresponds to the actual equipment at issue." Opp'n at 8. Defendants do not aver that the list is inaccurate but rather cite Defendant Desai's belief that at least some of the information in the table isn't "real." Opp'n at 9.

---

[1] Plaintiff requests pre-judgment interest. Mot. at 14–15. Under Pennsylvania law, "pre-judgment interest is a matter of right in breach of contract cases. Russo v. Abington Mem'l Hosp. Healthcare Plan, 257 F. Supp. 2d 784, 789–90 (E.D. Pa. 2003) (J. Pollak). Accordingly, the court will **GRANT** the request for prejudgment interest in an amount to be determined following additional proceedings regarding the precise damages incurred.

Defendants' quote Mr. Desai saying that Plaintiff "cannot just put the new date" into the depreciation schedule when Plaintiff installed used equipment at the store as a basis for disputing the factual accuracy of the document.  Opp'n at 3.  However, at no point do Defendants actually claim that Plaintiff put a new or inaccurate date in the "Date placed in service" column of the depreciation schedule.  Mot. Ex. 3. A.  Indeed, when asked if he had "any reason to dispute the date that the identified equipment was placed into service," Mr. Desai responded that he didn't have "any reason not to believe" but only that he didn't "think it [was] real."  Mot. Ex. 4, 67:21–68:3.  Although Mr. Desai mentions one piece of equipment that wasn't new when delivered to him (a "hot dog griller"), this does not create a genuine dispute of material fact as to the element of damages because it is undisputed that Plaintiff incurred some amount of damages resulting from Defendant's failure to return certain equipment.  Mot. Ex. 4, 65:17–21.

"[S]peculation and conjecture [are] insufficient to defeat [Plaintiff's] motion for summary judgment." Kovalev v. City of Philadelphia, 362 F. App'x 330, 331 (3d Cir. 2010).  Because Defendants have provided only generalized speculation and no specific material facts to contradict Plaintiff's valuation of the equipment, the damages element has been satisfied as to the equipment.  However, the Court will deny summary judgment as to the specific amount owed on the equipment and order further proceedings on the damages amount.

### b.  Open Account balance

Plaintiff claims $226,819.38 in damages resulting from Defendant Lakshmi's failure to pay down the remaining Open Account Balance. PSOF ¶¶ 78–79.  Because "Defendants do not dispute the Open Account amount," the damages element has been satisfied as to the Open Account balance.  DSOF ¶ 116.

Plaintiff has shown that there is no genuine dispute as to any material fact relating to its breach of contract claim and that all requisite elements of the claim are satisfied.[2]  Accordingly, the Court will **GRANT** summary judgement as to liability for the breach of contract claim and will **DENY** as to damages. The Court will determine the exact amount of damages after a hearing with the parties on the issue.

### B.        Breach of ACH Agreement (promissory note) claim

In Count II, Plaintiff brings a claim of breach of promissory note against Defendants Lakshmi and Desai.  Although Plaintiff asserts a claim for "breach of a promissory note," the Court will construe the claim as a breach of contract.  Mot. Ex. 12.  Courts regularly treat failure to pay as obliged under a promissory note as a breach of contract claim. See, e.g., Frenkel v. Klein, No. CV 14-2275, 2016 WL 7404466, *2 (E.D. Pa. Dec. 22, 2016) (J. Schiller), aff'd sub nom. Pasternack v. Klein, 751 F. App'x 332 (3d Cir. 2018).

As noted above, a claim for breach of contract must establish three elements: (1) the existence of a contract that includes its essential terms; (2) a breach of that contract; and (3) damages resulting from that breach.  Silva, 416 F. Supp. 3d at 401.  The ACH agreement was a contract entered into by all three parties.  PSOF ¶ 18.  As part of the ACH Agreement, Defendants executed and delivered to Plaintiff a promissory note for $440,000.  Id. ¶ 22. Because it is undisputed that (1) all parties entered into the ACH Agreement, (2) the promissory note included in that agreement has not been fully paid off, and (3) Plaintiff is owed the amount of the remaining balance, Plaintiff has provided enough undisputed material facts to satisfy all

---

[2] Although there may be a dispute as to the precise sum of damages, it is clear that Plaintiff is owed at least *some* amount of damages.  Hence the damages element of the breach of contract claim is satisfied as to liability.  See, e.g., Nesselrotte v. Allegheny Energy, Inc., 615 F. Supp. 2d 397, 408 (W.D. Pa. 2009) (granting summary judgment only as to liability because even absent undisputed damages calculations, any breach of contract entitles the injured party to nominal damages); Kairys v. S. Pines Trucking, Inc., No. 2:19-CV-1031-NR, 2021 WL 2073797, *13 (W.D. Pa. May 24, 2021) (granting summary judgment as to liability on a breach of contract claim, but denying summary judgment as to damages "given the fact-laden nature" calculating the amount owed).

elements of a breach of contract claim.  PSOF ¶¶ 22, 71, 79; DSOF ¶¶ 22, 71, 79.  Accordingly, the Court will **GRANT** summary judgement as to liability for breach of the promissory note and will **DENY** as to damages. The Court will determine the exact amount of damages after a hearing with the parties on the issue.

C. **Breach of guaranty claim**

In Count III, Plaintiff brings a breach of guaranty claim against Defendant Desai.  Much like a breach of contract claim, a breach of guaranty claim requires the plaintiff to show "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." ARC DBPPROP001, LLC v. Easton Buffet LLC, No. CV 18-1995, 2019 WL 4645133, at *6 (E.D. Pa. Sept. 24, 2019), aff'd, 842 F. App'x 772 (3d Cir. 2021).

First, it is undisputed that Defendant Desai gave Plaintiff a guaranty of Defendant Lakshmi's performance pursuant to the Franchise Agreement and that Desai guaranteed he would be personally liable for any outstanding debt Lakshmi owed to Plaintiff.  PSOF ¶¶ 5–6; DSOF ¶¶ 5–6.

Second, Plaintiff claims Desai breached the guaranty by failing to pay Lakshmi's outstanding debt to Plaintiff.  Mot. at 8.  Although Defendants previously raised an argument in their Answer to the Complaint regarding an undated signature on the guaranty, Mot. Ex. 5 ¶ 12, this argument was not raised in Defendant's Opposition to Plaintiff's Motion.  DSOF ¶¶ 5–7, 96– 98.  "When a [party] fails to respond to a summary judgment argument, courts deem a [party] to have abandoned those arguments." Abdul v. Universal Pure, LLC, No. 2:21-CV-04734-JDW, 2023 WL 1928213, at *2 (E.D. Pa. Feb. 10, 2023) (J. Wolson).  Accordingly, the Court will

regard Desai's breach of his duty as imposed by the guaranty to pay Lakshmi's outstanding debt to Plaintiff as an undisputed fact.

Third, it is undisputed that Plaintiff has incurred damages in the form of the unpaid Open Account balance owed to Plaintiff by Lakshmi as a result of Desai's failure to honor the guaranty.  PSOF ¶¶ 78–79, 96; DSOF ¶¶ 78–79, 96.  Because all elements of the claim are satisfied, the Court will **GRANT** summary judgement as to liability for breach of the guaranty and will **DENY** as to damages.  The Court will determine the exact amount of damages after a hearing with the parties on the issue.

**Attorney's Fees**

Plaintiff also seeks an award of attorneys' fees and costs pursuant to a fee-shifting provision in the Guaranty Agreement.  Mot. at 23.  The Court will **DENY** without prejudice Plaintiff's request for attorneys' fees and costs with leave to amend.  Given the outcome of this judgement and in accordance with the language of the Guaranty Agreement, Plaintiff may make a motion for attorneys' fees and costs and provide the Court with a particularized basis for its request by stating the amount requested and why such an amount would be reasonable.

**D.    Conversion claim**

In Count IV, Plaintiff brings a conversion claim against Defendants Lakshmi and Desai for failure to return Plaintiff's equipment.  Under Pennsylvania law, conversion is defined as "the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 529 (E.D. Pa. 2012) (J. Baylson) (internal quotations omitted).

As already determined in the foregoing breach of contract claim analysis, Defendants do not offer material facts to dispute Plaintiff's allegations regarding the leased equipment.[3]  In addition to those discussed above, Defendants raise an issue as to whether the equipment was sold to a third party. "Defendants dispute any implication that Defendants conveyed or purported to convey 7-Eleven owned equipment to the new operator as their own."  DSOF ¶ 121.  In disputing any implication of conveying Plaintiff's equipment to a third party, Defendants do not deny having actually conveyed the equipment nor do they provide any factual evidence to contradict Plaintiff's contention that 7-Eleven's equipment was given over to a third party.[4]  Thus, Defendants fail to provide material facts to counter Plaintiff's claims.

Regardless, the question of whether the equipment was sold to a third party is not dispositive for resolving a conversion claim.  Conversion occurs at the moment of deprivation, not at the moment of sale to a third party.  See Gottesfeld v. Mechanics & Traders Ins. Co., 196 Pa. Super. 109, 114 (1961) (holding that "conversion was complete at that time and place" wherein the defendant received goods belonging to the plaintiff without "intention of returning them or paying for them").  Accordingly, the Court will **GRANT** summary judgment as to liability for the conversion claim and will **DENY** as to damages.  The Court will determine the exact amount of damages after a hearing with the parties on the issue.

---

[3] Although Plaintiff claims that Defendants "did not contest 7-Eleven's conversion claim," Defendants do purport to dispute the identity of the equipment and its valuation.  Rep. at 7; Opp'n at 2.  Hence, Defendants' arguments in opposition are relevant both for the breach of contract claim (as it relates to failure to surrender Plaintiff's equipment upon expiration of the lease) and to the conversion claim.  While Defendants do not specify whether their arguments relate to the breach of contract claim or the conversion claim, since the arguments are about the equipment, the Court will construe the arguments as pertaining to both.

[4] Defendants attach the Asset Purchase Agreement between Lakshmi and the third party to indicate that the language of the agreement expressly excludes "all equipment owned by 7-Eleven Inc."  Opp'n Ex. F, at 2.  However, as Plaintiff points out, "[t]he terms of a third-party contract have no bearing on whether Lakshmi and Mr. Desai actually returned 7-Eleven's equipment."  Rep. at 4.

**V.     <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's Motion will be **GRANTED** in part and **DENIED** in part.  An appropriate order follows.